THE BROOKSVILLE ABSTRACT COMPANY, a corporation, *Appellant*, vs. C. C. KIRK, as Tax Collector of Hernando County, Florida, et al., *Appellees.*

En Banc.

Opinion filed April 14, 1931.

*Herbert Smithson*, for Appellant;

*F. B. Coogler* and *C. H. Lockhart*, for Appellees.

PER CURIAM.—In this case appellant filed bill of complaint against C. C. Kirk as Tax Collector of Hernando County, and P. H. Grelle as Tax Collector of the City of Brooksville in Hernando County, to enjoin the collection of the tax assessed by the County Tax Assessor against personal property of the appellant, the same being what is commonly known as an abstract plant, and to enjoin

the collection of the tax on the same property assessed by the Tax Assessor of the City of Brooksville.

Neither the City of Brooksville nor the County of Hernando was made a party to the bill of complaint. The Circuit Court by its order allowed the City of Brooksville by it attorneys to intervene and to file a demurrer. From the order allowing the intervention and filing of the demurrer appeal was taken.

The County of Hernando and the City of Brooksville are each shown by the bill of complaint to be parties at interest in the litigation and, therefore, it was proper for the court to allow either, or both, to intervene.

The bill of complaint was multifarious as to parties, but aside from this the bill of complaint alleges no facts whatever upon which equitable relief should be granted.

There is no equity in the bill as to either of the defendants. The ground upon which the injunction is sought is upon the theory as expressed in the bill, that the property upon which the tax is assessed is of such peculiar character that it is valuable only to the complainants and would be without value in the hands of other persons and is, therefore, not subject to taxation as tangible personal property.

In the bill it is alleged that "its said abstract plant is without value except in the hands of complainant, and to the extent that complainant chooses to use same as a basis for producing documents of salable value; and that in the hands of any other person than complainant, said plant would be valueless, saving only as said complainant might lend value thereto by explaining the contents thereof, or assisting in the use thereof, and saving further only the intrinsic value of the few pounds of paper and bottles of ink, and other materials composing said plant, which intrinsic value is so small as to be negligible.".

It is a matter of common knowledge that an abstract plant is tangible property possessing the attribute of value.

There are no allegations in the bill upon which relief prayed for could be based.

The order appealed from should be affirmed with directions that the demurrer be sustained and the bill be dismissed. It is so ordered.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL, BROWN AND DAVIS, J.J., concur.