QUESTION: Are the abstract books and land records maintained by abstract and title insurance companies considered to be tangible or intangible property for ad valorem tax purposes?
SUMMARY: The abstract books and land records maintained by abstract and title insurance companies are considered to be tangible personal property for ad valorem tax purposes. The Florida Supreme Court had this identical question before it in the case of Schleman v. Guaranty Title Company, 15 So.2d 754 (Fla. 1943). In reaching its decision that the title company's abstract books and records were subject to ad valorem taxation as tangible personalty, the court clearly ruled that ". . . such property partakes of the nature of tangible, not intangible property." The Schleman case in part relied on certain language contained in a prior decision of the court, Brooksville Abstract Company v. Kirk,133 So. 629 (Fla. 1931). In disposing of a procedural question involved in such case, the court, in obiter dictum, noted: "It is a matter of common knowledge that an abstract plant is tangible property possessing the attribute of value." (Supra at 630.) I do not find in the interim since the Schleman decision any legislative enactments which could modify or alter its force and effect. Such abstract books and land records would continue to fall within the definition of tangible personal property as contained in s. 192.001(11)(d), F.S. Consequently, the ruling enunciated in the Schleman decision would govern the question you have presented.